**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) | Case No. 26-10586 |
| *Plaintiffs*, | ) | District Judge |
| v. | ) | |
| NEW HARVEST FOODS INC., a Minnesota corporation; THE EXCELLENCE COMPANY, a Minnesota corporation; ISLAND CITY TRANSPORT, INC., a Wisconsin corporation; | ) | Magistrate Judge |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 (“ERISA”), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (“MPPAA”), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant New Harvest Foods Inc. ("New Harvest") is or was a corporation organized under the laws of the State of Minnesota.

8. Defendant The Excellence Company ("Excellence Company") is or was a corporation organized under the laws of the State of Minnesota.

9. Defendant Island City Transport, Inc. ("Island City") is or was a corporation organized under the laws of the State of Wisconsin.

10. Non-party H. Brooks and Company LLC ("H. Brooks") is or was a limited liability company organized under the laws of the State of Delaware.

**CLAIM FOR RELIEF**

11. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. On or about June 6, 2021, Jason Jaynes directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Island City.

13. On or about June 6, 2021, Jason Jaynes directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of New Harvest.

14. On or about June 6, 2021, New Harvest directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of non-party H. Brooks.

15. On or about June 6, 2021, New Harvest directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Excellence Company.

16. On or about June 6, 2021, H. Brooks, New Harvest, Excellence Company, and Island City were a group of trades or businesses under common control (the "H. Brooks Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

17. The H. Brooks Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

18. During all relevant times, H. Brooks was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which H. Brooks was required to make contributions to the Pension Fund on behalf of certain of its employees.

19. The Pension Fund determined that on or about June 6, 2021, H. Brooks permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

20. As a result of the withdrawal, the H. Brooks Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $62,040,000.65, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21. On or about November 18, 2021, the H. Brooks Controlled Group, through H. Brooks, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand").

22. In the Notice and Demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by December 1, 2021, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Plan Document. The amount demanded was $62,040,000.65, the balance owed at that time on the withdrawal liability.

23. The H. Brooks Controlled Group did not request review pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely requesting review is a statutory prerequisite to initiating arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Therefore, the H. Brooks Controlled Group has waived its right to dispute the liability. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

24. The H. Brooks Controlled Group failed to make the withdrawal liability payment to the Pension Fund.

25. On December 16, 2021, the Pension Fund filed suit against H. Brooks in the United States District Court for the Northern District of Illinois in a case entitled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. H. Brooks and Company LLC,* Case No. 21 C 6707, to collect the withdrawal liability, plus interest and statutory damages (the "Lawsuit").

26. On February 24, 2022, a judgment was entered in the Lawsuit in favor of the Pension Fund and against H. Brooks in the total amount of $75,129,622.28, plus post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the

month for which interest is charged, and with said interest to be compounded annually (the "Judgment").

27. To date, the full amount of the Judgment remains due and owing to the Pension Fund by H. Brooks.

28. Each of the Defendants, as members of the H. Brooks Controlled Group, are jointly and severally liable for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, jointly and severally, and in favor of Plaintiffs pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(i) the unpaid withdrawal liability in the amount of $62,040,000.65;

(ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

(iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Anthony E. Napoli*

Anthony E. Napoli
Attorney for Plaintiffs
Central States Funds
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2469
ARDC # 06210910
tnapoli@centralstates.org

September 1, 2026